1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

5
6

COBBLER NEVADA, LLC,

7

Plaintiff,

8

v.

C15-1430 TSZ

9

KEVIN JAMES,

ORDER

10

Defendant.

11

THIS MATTER comes before the Court on plaintiff Cobbler Nevada, LLC's

12 motion for default judgment, docket no. 72, against defendant Kevin James.  Having

13 reviewed all papers filed in support of plaintiff's motion, as well as the record in this

14 matter, the Court enters the following order.

15 **Background**

16

This case is one of twelve actions filed by plaintiff.  Plaintiff has obtained default

17 judgments against 47 of the 234 defendants in these matters, in the total amount of

18 $161,059.70, representing $36,000 in statutory damages, $118,607 in attorney's fees, and

19 $6,452.70 in costs.  Plaintiff's claims against 186 defendants have been dismissed by

20 either notice or stipulation filed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A),

21 presumably because plaintiff resolved its disputes with such defendants.  The aggregate

22
23

1   amount that plaintiff has received in settlement has not been disclosed to the Court.

2   Plaintiff's claim against Kevin James is the only one still remaining in these related

3   proceedings.

4   Unlike other defendants against whom default was entered, Mr. James filed an

5   answer to the Amended Complaint, docket no. 19, which accuses him of infringing

6   plaintiff's copyright in the motion picture "The Cobbler," starring Adam Sandler, by

7   downloading and sharing the film via the BitTorrent network.  *See* Verified Answer

8   (docket no. 40).  In his answer, which was filed on June 9, 2016, Mr. James indicated,

9   under oath, that he has never visited the BitTorrent website, did not illegally download a

10  movie, and has not watched "The Cobbler."  *Id.*  Mr. James explained that, when he was

11  first assigned the Internet Protocol ("IP") address at issue, his wireless network ("Wi-Fi")

12  was not password protected, but he added such security feature when he received notice

13  about unlawful downloads.  *Id.*  During the interim, various neighbors, including

14  individuals residing in three nearby rental homes, would have been within range to use

15  his Wi-Fi and IP address.  *Id.*  Mr. James further stated that he pays for cable and can

16  watch movies for either no or minimal charge, so he has no incentive to use BitTorrent to

17  view such content.  *Id.*  Finally, Mr. James advised that he had recently suffered a stroke

18  and was disabled.  *Id.*

19  On July 6, 2016, plaintiff's counsel telephonically requested an extension of the

20  deadline for filing a Joint Status Report, and the deadline was continued to August 22,

21  2016.  On July 8, 2016, the parties conducted the requisite Rule 26(f) conference.  *See*

22  Pla.'s Status Report (docket no. 58).  No Joint Status Report or Discovery Plan, however,

23

1    was ever submitted.  *See* Fed. R. Civ. P. 26(f)(2) (requiring that a Discovery Plan be filed

2    within fourteen days after the discovery conference).  Instead, on August 22, 2016,

3    plaintiff's counsel sought and received yet another extension of the deadline for filing a

4    Joint Status Report.  In obtaining such continuance, plaintiff's counsel did not disclose

5    that he had served on Mr. James, on July 19, 2016, a set of 19 interrogatories and a set of

6    18 requests for production.  *See* Exs. A & B to Lowe Decl. (docket no. 57-1).

7         Mr. James did not respond to plaintiff's discovery requests and, on September 20,

8    2016, plaintiff's counsel filed both (i) a motion to compel discovery, and (ii) a unilateral

9    Status Report, indicating that he had been unable to reach Mr. James for purposes of

10   conducting a Rule 37 conference.  *See* Pla.'s Mot. (docket no. 56); Status Report (docket

11   no. 58).  The Court directed Mr. James to answer plaintiff's interrogatories, but did not

12   instruct him to respond to plaintiff's requests for production.  Minute Order (docket

13   no. 59).  Mr. James still did not provide the requested discovery, and in December 2016,

14   plaintiff unsuccessfully sought default judgment against Mr. James as a sanction.  *See*

15   Pla.'s Mot. (docket no. 60); *see also* Minute Order (docket no. 63).

16        In February 2017, plaintiff asked the Court to issue an order to show cause, and in

17   March 2017, the Court did so.  *See* Minute Order (docket no. 65).  Mr. James promptly

18   responded, under penalty of perjury, and repeated his assertion that he had never viewed

19   "The Cobbler" via BitTorrent or otherwise.  Def.'s Resp. (docket no. 67).  Mr. James

20   added that he subscribes to iTunes Movies, Amazon Prime, and Netflix, services through

21   which movies (including "The Cobbler") can be instantaneously streamed, and thus, he

22   does not "waste time" downloading content.  *Id.*  Finally, Mr. James characterized

23

1    plaintiff's counsel's approach as harassing, complaining about repeated calls and

2    indicating that he was served with summons shortly after being carried into his home

3    following a six-day hospital visit.  _Id._  Mr. James did not, however, provide any

4    explanation for failing to comply with the Court's prior order or answer plaintiff's

5    interrogatories.

6         In May 2017, the Court encouraged Mr. James to request that counsel be

7    appointed for him for the limited purpose of participating in an alternative dispute

8    resolution procedure, and advised him that if he failed to do so, the Court would decide

9    plaintiff's renewed motion for discovery sanctions, to which Mr. James had not

10   responded.  _See_ Minute Order (docket no. 70).  Mr. James took no action, and the Court

11   entered default against him.  Order (docket no. 71).  Plaintiff now requests a default

12   judgment that includes an injunction to prevent continued infringement, statutory

13   damages in the amount of $2,500, attorney's fees in the amount of $3,555, and costs in

14   the amount of $188.57.

15   **Discussion**

16        Rule 37 authorizes the Court to impose sanctions for failing to obey an order to

17   provide discovery.  Fed. R. Civ. P. 37(b)(2).  Such sanctions may include striking a

18   pleading or rendering default judgment against the disobedient party.  _Id._  Before

19   adopting such severe measures, however, the Court must consider a number of factors,

20   including the availability of less drastic sanctions.  _See_, _e.g._, _Hester v. Vision Airlines,_

21   _Inc._, 687 F.3d 1162, 1169 (9th Cir. 2012).  The Court must also be mindful of the public

22   policy favoring disposition of cases on their merits.  _See id._  Default judgment is a harsh

23

ORDER - 4

1   penalty, which may be imposed only in extreme circumstances, and it must be justified

2   by willfulness, bad faith, or fault on the part of the party being sanctioned.  *See id.*; *see*

3   *also* *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 640 (1976).

4          Having reviewed the record in this matter, the Court is not persuaded that default

5   judgment against Mr. James is warranted.  Mr. James has filed a responsive pleading,

6   which has not itself been stricken pursuant to Rule 37(b)(2)(A)(iii), that disputes the crux

7   of plaintiff's claim for copyright infringement.  Mr. James has told both plaintiff and the

8   Court, under oath, that he did not download or view plaintiff's film "The Cobbler," and

9   that others, including neighboring renters, might have used his IP address during the

10  period when his Wi-Fi was not password protected.  With perhaps one exception, the

11  interrogatories that plaintiff's counsel served on Mr. James would not have elicited much,

12  if any, additional useful information.  The exception is Interrogatory No. 10, which asked

13  Mr. James to identify any neighbors within 200 feet of his residence.  *See* Ex. A to Lowe

14  Decl. (docket no. 57-1).  To the extent Mr. James knows the renters who reside in the

15  houses next to his, the requested information might have assisted plaintiff in naming a

16  substitute defendant or defendants.  Plaintiff, however, could also have easily obtained

17  the addresses of nearby homes and communicated directly with their residents.

18         The Court declines to find the requisite willfulness, bad faith, or fault on the part

19  of Mr. James.  Mr. James's failure to respond to plaintiff's discovery requests can be

20  attributed to both his poor health and a reasonable belief that he had already answered the

21  relevant questions by filing materials with the Court, which he had signed under oath

22  before a Notary Public.  Moreover, the Court is troubled by plaintiff's counsel's approach

23

concerning discovery in this matter.  After conducting a Rule 26(f) conference, plaintiff's counsel did not submit a Discovery Plan to the Court before propounding interrogatories and requests for production, did not inform the Court that discovery was ongoing when he sought an extension of the deadline for filing a Joint Status Report, and did not submit the unilateral Status Report until a motion to compel discovery was already pending before the Court.  Having been thereby limited in its ability to monitor and manage this litigation, the Court is reluctant to make Mr. James shoulder the enormous burden that plaintiff suggests he should.

The Court has considered the possibility of imposing a monetary penalty of $980, representing attorney's fees relating to plaintiff's successful motions to compel and for an order to show cause (2.8 hours at $350 per hour), _see_ Lowe Decl. at ¶ 7 (docket no. 73), but has opted not to sanction Mr. James.  Although the Court does not condone disregard of its instruction to answer plaintiff's interrogatories, the Court acknowledges that the discovery requests were not "proportional to the needs of the case," Fed. R. Civ. P. 26(b), and should have been narrowed before Mr. James was ordered to respond.  The Court further observes that the parties are far from being on equal footing, and that plaintiff's counsel has attempted to exploit this disparity by serving onerous discovery requests and attempting to establish liability via discovery sanctions as opposed to evidence of any wrongdoing.  To the extent that plaintiff has incurred attorney's fees in pursuing hard-nosed litigation tactics, rather than simply accepting Mr. James's representations or conducting the basic investigation necessary to verify them, plaintiff and its lawyer made such choices and are not prejudiced by having to live with the consequences.

**Conclusion**

For the foregoing reasons, plaintiff's motion for default judgment, docket no. 72, is DENIED.  Plaintiff is DIRECTED to show cause within fourteen (14) days of the date of this Order why its claims against Kevin James should not be dismissed with prejudice and without costs.[1]  In the absence of a timely response, this case will be closed.

The Clerk is DIRECTED to send a copy of this Order to all counsel of record and to defendant Kevin James pro se at 906 South 262nd Place, Des Moines, WA 98198.

IT IS SO ORDERED.

Dated this 2nd day of October, 2017.

Thomas S. Zilly
United States District Judge

---

[1] Mr. James would presumably testify in any deposition or at trial consistently with his previous sworn statements, which together indicate that he did not engage in the alleged copyright infringement.  If plaintiff wishes to pursue its claims against Mr. James, it must describe the evidence, if any, that might link Mr. James to the downloading and sharing associated with his IP address and his previously unsecure Wi-Fi connection.  *See* *LHF Prods., Inc. v. Doe 1*, 2017 WL 714227 at *2 (W.D. Wash. Feb. 23, 2017) (an assertion that "an IP address is registered to an individual is, alone, insufficient to support a claim that the Internet subscriber is guilty of infringement" (quoting *Dallas Buyers Club, LLC v. Doughty*, 2016 WL 1690090 at *6 (D. Ore. Apr. 27, 2016))); *Elf-Man, LLC v. Cariveau*, 2014 WL 202096 at *2 (W.D. Wash. Jan. 17, 2014) ("While it is possible that one or more of the named defendants was personally involved in the download, it is also possible that they simply failed to secure their connection against third-party interlopers.").

ORDER - 7