UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COBBLER NEVADA, LLC,

        Plaintiff,

v.

KEVIN JAMES,

        Defendant.

C15-1430 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) By Order entered October 3, 2017, docket no. 75, the Court denied plaintiff's motion for default judgment as a discovery sanction and directed plaintiff to show cause why its claims against defendant Kevin James should not be dismissed. In its response, docket no. 76, plaintiff indicates that, on October 8 and 13, 2015, as well as on November 16, 2015, its attorney conducted discovery in advance of the Rule 26(f) conference held on July 8, 2016. Moreover, plaintiff's counsel has attempted to testify in this matter concerning inconsistent statements allegedly made by Mr. James. _See_ Lowe Decl. at ¶¶ 3-4 & 6 (docket no. 77). Because plaintiff's lawyer may not serve as both a witness and counsel of record in this action, _see_ Wash. RPC 3.7; _see also_ Local Civil Rule 83.3(a)(2), and because plaintiff was precluded from seeking discovery prior to the Rule 26(f) conference "from any source," _see_ Fed. R. Civ. P. 26(d)(1), the Court has disregarded plaintiff's attorney's recitations about his conversations with Mr. James. To the extent plaintiff seeks reconsideration and renews its request for default judgment as a discovery sanction, the Court DENIES such motion.

(2) Plaintiff contends that "it is highly improbable" that someone outside Mr. James's home could have successfully used his unsecured wireless network ("Wi-Fi") to engage in the infringement at issue. _See_ Pla.'s Resp. at 11 (docket no. 76). Plaintiff, however, offers no expert report or testimony to support this view. If plaintiff wishes to further pursue its claims against Mr. James, it must make an offer of proof

MINUTE ORDER - 1

within twenty-eight (28) days of the date of this Minute Order. Such offer of proof shall be supported by the declaration of an expert in the field, setting forth such expert's qualifications, and shall address the following issues: (i) whether and, if so, how an Internet Protocol ("IP") address can be either "spoofed" to or faked by a BitTorrent tracker, and what is the likelihood (quantified if possible) that Mr. James's IP address was a false positive; (ii) whether and, if so, the extent to which an unsecured Wi-Fi connection can be used to share files via the BitTorrent protocol, and what is the likelihood (quantified if possible) that Mr. James's allegedly unsecured Wi-Fi system was accessed by someone from outside his home; and (iii) whether and, if so, how plaintiff can prove that the material allegedly tracked to Mr. James's IP address was a "playable" and actionable segment of the copyrighted work at issue. In the absence of a timely filed offer of proof, plaintiff's claims against Mr. James will be dismissed with prejudice and without costs, and this case will be closed.

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record and to defendant Kevin James pro se at 906 South 262nd Place, Des Moines, WA 98198.

Dated this 3rd day of November, 2017.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 2