UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COBBLER NEVADA, LLC,

    Plaintiff,

v.

KEVIN JAMES,

    Defendant.

C15-1430 TSZ

ORDER

THIS MATTER comes before the Court on plaintiff's response, docket no. 79, to the Minute Order entered November 3, 2017, docket no. 78, requiring plaintiff to make an offer of proof concerning plaintiff's claims against defendant Kevin James. Having reviewed plaintiff's response, the Court enters the following order.

## Discussion

This case is one of twelve actions filed by plaintiff Cobbler Nevada, LLC. Plaintiff obtained default judgments against 47 of the 234 defendants in these matters, and dismissed its claims against another 186 defendants, presumably as a result of settlements with such individuals. The amounts of such settlements have not been disclosed, but the total amount awarded in default judgments is $161,059.70, which

ORDER - 1

includes statutory damages, attorney's fees, and costs. This case is the only one still on the active docket, and Kevin James is the only defendant as to whom claims remain pending.

On August 14, 2017, the Court entered default against Mr. James, not because he failed to answer the complaint, but because he did not respond to discovery requests. <u>See</u> Order (docket no. 71). On October 3, 2017, the Court denied plaintiff's motion for default judgment, concluding that such discovery sanction was unwarranted. <u>See</u> Order (docket no. 75). The Court further directed plaintiff to show cause why its claims against Mr. James should not be dismissed with prejudice in light of the sworn statements made in the verified answer to the complaint and a subsequent filing by Mr. James. <u>See id.</u>; <u>see also</u> Verified Answer (docket no. 40); Def.'s Resp. (docket no. 67). In response, plaintiff submitted the declaration of its attorney, seeking to impeach Mr. James by recounting the substance of discussions conducted with him over the telephone. <u>See</u> Lowe Decl. (docket no. 77). The Court disregarded plaintiff's lawyer's testimony because he may not serve as both a witness and counsel of record in this action and he was not entitled to conduct discovery during the period when the conversations occurred. <u>See</u> Minute Order at ¶ 1 (docket no. 78). In addition, the Court indicated that, in the absence of a timely filed offer of proof, plaintiff's claims against Mr. James will be dismissed with prejudice and without costs. <u>Id.</u> at ¶ 2.

After plaintiff filed its offer of proof, docket nos. 79-82, the United States Court of Appeals for the Ninth Circuit issued its decision in <u>Cobbler Nevada, LLC v. Gonzales</u>, 901 F.3d 1142 (9th Cir. 2018). In <u>Cobbler</u>, the Ninth Circuit made clear that a person's

status as the registered subscriber of an infringing Internet Protocol ("IP") address, "standing alone, does not create a reasonable inference that he is also the infringer." *Id.* at 1145. Rather, because "multiple devices and individuals may be able to connect via an IP address," the Ninth Circuit held that a plaintiff suing for copyright infringement must allege "something more" to "create a reasonable inference that a subscriber is also an infringer." *Id.* Neither plaintiff's Amended Complaint[1] nor its offer of proof[2] were crafted with the *Cobbler* standard in mind, and the Court will provide plaintiff another

---

[1] In its Amended Complaint, plaintiff alleges, "[o]n information and belief," that Mr. James "copied and distributed" the motion picture known as "*The Cobbler*," which is the subject of U.S. Copyright Registration No. PAu 3-744-688, dated October 22, 2014, and issued to plaintiff. *See* Am. Compl. at ¶ 10 & Ex. A (docket nos. 19 & 19-1). This assertion is premised on evidence that, on March 15, 2015, a segment of the film was transmitted via a peer-to-peer network using the BitTorrent protocol by the IP address assigned to Mr. James at the time. *See id.* at ¶¶ 22, 26, 29, & 31. Mr. James, however, has indicated under oath that he has "never visited a website called BitTorrent," has never illegally downloaded a movie, and has never seen *The Cobbler*. Verified Answer (docket no. 40). Mr. James has further explained, under penalty of perjury, that when he initially installed his wireless networking ("WiFi") system, it was not password protected, and anyone in the nearby homes, including three rentals, or his own tenant could have used the WiFi system to access his IP address. *Id.* After receiving notice about an illegal download, however, Mr. James took steps to secure his WiFi system. *Id.* The Amended Complaint states that "the pattern of BitTorrent activity associated with the IP address was observed to cease on or near dates coinciding with notices" sent by either plaintiff or the Internet Service Provider. Am. Compl. at ¶ 13. The Amended Complaint attempts to draw from this evidence an inference of intent, awareness of the infringement, and/or control over the BitTorrent activity, but the cessation of infringing transmissions following receipt of a notice is equally (or perhaps more) consistent with Mr. James's representation that he secured his WiFi system for the first time after being advised that his IP address was associated with illegal downloads.

[2] Among the materials proffered by plaintiff was the report of G. Mitchell of Future Focus, Incorporated. The opinions expressed in the Mitchell report, however, are based on faulty premises and a lack of information. The Mitchell report incorrectly assumed that the WiFi router associated with Mr. James's IP address "was not operating in an 'open' mode," *i.e.* was password protected, in March 2015, and indicates that neighbors "who were not given the secret key for WiFi login . . . would not be able to access the Internet via the router at 906 S. 262nd Place," in Des Moines, where Mr. James resides. Mitchell Report at 21 (docket no. 81). Mitchell appears to have formed the probably mistaken belief that Mr. James's WiFi system was password protected at the time in question because Mr. James's Verified Answer and his other sworn statement were withheld from Mitchell by plaintiff's counsel. *See id.*

opportunity to be heard and to show cause why the default against Mr. James should not be vacated and plaintiff's claims against him should not be dismissed with prejudice.

**<u>Conclusion</u>**

For the foregoing reasons, the Court ORDERS:

(1) On or before November 16, 2018, plaintiff shall SHOW CAUSE why the default entered against defendant Kevin James should not be vacated and why plaintiff's claims against Mr. James should not be dismissed with prejudice.

(2) Any objection by Mr. James to plaintiff's response to this show cause order shall be filed by December 7, 2018. Any reply by plaintiff to any such objection shall be filed by December 14, 2018.

(3) The Clerk is DIRECTED to send a copy of this Order to all counsel of record and to defendant pro se Kevin James.

IT IS SO ORDERED.

Dated this 19th day of October, 2018.

Thomas S. Zilly
United States District Judge