UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COBBLER NEVADA, LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>KEVIN JAMES,<br><br>                Defendant. | C15-1430 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on plaintiff's response, docket no. 84, to the Order entered October 19, 2018, docket no. 83, requiring plaintiff to show cause why the default entered against defendant Kevin James should not be vacated and why plaintiff's claims against Mr. James should not be dismissed with prejudice. Having reviewed plaintiff's response to the show cause order, Mr. James's objections, docket no. 85, and plaintiff's reply thereto, docket no. 86, the Court enters the following order.

**Discussion**

Although the Court entered default against Mr. James for failing to respond to discovery requests or otherwise participate in this action, *see* Order (docket no. 71), the Court declined to enter default judgment him, *see* Order (docket no. 75). The Court remains persuaded that default judgment is unwarranted with respect to Mr. James, who has filed a responsive pleading indicating under oath that he did not, as plaintiff alleges, download or view plaintiff's film "The Cobbler" via the BitTorrent network, *see* Verified

ORDER - 1


Answer (docket no. 40).  Mr. James is the only defendant as to whom claims remain pending among the twelve (12) similar actions filed by plaintiff against 234 defendants, and the time has now come to end the impasse in this matter, which has lasted for several months.

Although plaintiff contends otherwise, its copyright infringement claims against Mr. James are premised solely on an Internet Protocol ("IP") address as to which he was identified as the subscriber.  The United States Court of Appeals for the Ninth Circuit has made clear that a copyright infringement claim based merely on a defendant's status as the subscriber of an IP address associated with infringing activity does not cross the threshold of "plausibility" required of pleadings in federal court.  *See Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1145-47 (9th Cir. 2018).  Plaintiff's reliance on the report of G. Mitchell of Future Focus, Incorporated as the "something more" required by *Cobbler Nevada* to "create a reasonable inference that a subscriber is also an infringer," *id.* at 1145, is misplaced, not only because the opinions in the Mitchell report are based on faulty premises and a lack of information, *see* Order at 3 n.2 (docket no. 83), but also because the Mitchell report was not incorporated into the operative pleading and cannot be considered in determining which facts, if any, are deemed admitted by Mr. James's default.

The Court is satisfied that nothing is to be gained by allowing this litigation to continue.  Plaintiff has had ample opportunity to try to demonstrate that it is entitled to proceed forward (and perhaps obtain default judgment) against Mr. James, and the Court is convinced that any further efforts would be futile.  The Court agrees with plaintiff,

however, that a ruling on the merits is premature, and that plaintiff's ability to reinitiate action against Mr. James should be preserved, subject to the caveat that, in the absence of "something more" than an IP address as evidence, any renewed pursuit of copyright infringement claims against Mr. James might constitute the type of bad faith and vexatious conduct that could subject plaintiff and/or its attorney to sanctions under the Court's inherent power and/or 28 U.S.C. § 1927.  *See* *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1106-09 (9th Cir. 2002).

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)   The default entered against Kevin James, *see* Order (docket no. 71), is VACATED;

(2)   Plaintiff's Amended Complaint, docket no. 19, and this action are DISMISSED without prejudice and without attorney's fees or costs to any party; and

(3)   The Clerk is directed to CLOSE this case and to send a copy of this Order to all counsel of record and to pro se defendant Kevin James at 906 South 262nd Place, Des Moines, WA  98198.

IT IS SO ORDERED.

Dated this 11th day of September, 2019.

Thomas S. Zilly
United States District Judge